IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROLANDER C. WEAVER,**

    Petitioner,

v.                                                                                           Civil Action No. **3:12CV277**

**ERIC WILSON,**

    Respondent.

## MEMORANDUM OPINION

Rolander C. Weaver, a federal prisoner proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition"). Weaver contends that the Federal Bureau of Prisons ("BOP") violated his rights by "refus[ing] to allow me a reduction of sentence under 18 U.S.C. § 3621(e).[1] Inmates in other circuits are granted one year off for completing the BOP's Residential Drug Abuse Program ('RDAP')." (§ 2241 Pet. 4.) Respondent has moved for summary judgment on the grounds that, *inter alia*, Weaver has failed to exhaust his administrative remedies. Respondent provided Weaver with the appropriate *Roseboro*[2] notice. (Docket No. 6.) Weaver has not replied. The matter is ripe for disposition.

## I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the

---

[1] "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e) (2) (B).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

Respondent asks the Court to dismiss the § 2241 Petition because Weaver failed to exhaust his administrative remedies. Because the exhaustion of administrative remedies is an affirmative defense, Respondent bears the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of his contention, Respondent submits the declaration of Corneila J. Coll, a Paralegal Specialist at the Federal Correctional Complex in Butner, North Carolina. (Mem. Supp. Mot. Summ. J. Ex. 1 ("Coll Decl.").) Additionally, Respondent has attached summaries of Weaver's various Administrative Remedy Requests to Coll's Declaration. (Coll. Decl. Attach. 3.) Respondent's exhaustion argument relies on the BOP's "specific procedures for an inmate to request review of his [or her] eligibility for early

2

release pursuant to § 3621(e)." (Mem. Supp. Mot. Summ. J. 5.) These specific procedures are codified at 28 C.F.R §§ 542.10–542.19.

In light of the foregoing principles and submissions, the facts set forth below are established for purposes of the Motion for Summary Judgment.

## II. SUMMARY OF PERTINENT FACTS

The BOP manages an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). An inmate must submit a formal written Administrative Remedy Request ("ARR") within "20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The Warden then issues the first level response to the ARR. 28 C.F.R. § 542.11(a).

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. . . . Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a). "While inmate Weaver has filed three separate requests for administrative remedy while housed with the BOP, he has not filed a formal request for administrative remedy pertaining to" his demand for a sentence reduction under 18 U.S.C. § 3621(e). (Coll. Decl. ¶ 7.)

## III. ANALYSIS

"Exhaustion is an important doctrine in both administrative and habeas law . . . ." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Prior to seeking judicial relief, an inmate must properly exhaust his or her administrative remedies. This requirement extends to inmates filing

§ 2241 petitions. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (*citing Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981)). The Supreme Court explains that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *Woodford*, 548 U.S. at 90, "'so that the agency addresses the issues on the merits.'" *Id.* (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). "[A] dismissal for failure to exhaust should [generally] be without prejudice." *Miller v. Clarke*, No. 91–7317, 1992 WL 48031, at *1 (4th Cir. Mar. 16, 1992) (*citing Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989)); *see, e.g.*, *Harris v. Stansberry*, No. 1:10cv1337 (JCC/TRJ), 2012 WL 27437, at *7–8 (E.D. Va. Jan. 4. 2012) (dismissing without prejudice unexhausted claim).[3]

Weaver has failed to exhaust his administrative remedies with respect to the BOP's refusal to provide him a sentence reduction under 18 U.S.C. § 3621(e). Accordingly, the Motion for Summary Judgment (Docket No. 5) will be GRANTED. The Motion to Dismiss (Docket No. 4) will be DENIED AS MOOT. The § 2241 Petition will be DENIED WITHOUT PREJUDICE. The action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order shall issue.

Date: 6/1/12
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge

---

[3] Respondent has not asserted that Weaver procedurally defaulted his present claim by failing to raise it in a timely manner through the BOP administrative exhaustion process. Therefore, the Court declines to address the issue of procedural default here. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases for the proposition that procedural default is an affirmative defense).